Mwati P. McKENZIE, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C3–03–321.

Supreme Court of Minnesota.

Oct. 21, 2004.

Mwati P. Mckenzie, Bayport, MN, Pro Se.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

PAGE, Justice.

In October 1993, Mwati P. Mckenzie was convicted of first-degree murder for his role in the shooting death of Minneapolis Police Officer Jerome Haaf. In *State v. McKenzie*, we affirmed the conviction on direct appeal and the underlying facts of the case were set forth in that decision. 532 N.W.2d 210, 213–17 (Minn.1995). In 1997 and 1999, Mckenzie petitioned for postconviction relief. The 1997 petition was denied and on appeal we affirmed. *McKenzie v. State*, 583 N.W.2d 744 (Minn. 1998). The 1999 petition was denied and no appeal was taken.

In August 2002, Mckenzie filed his third petition for postconviction relief wherein he asserted that the trial court improperly handled two jury notes sent to the judge during deliberations. Mckenzie claimed that this violated his right to be present at every stage of trial. The petition was

denied by the postconviction court without an evidentiary hearing. On appeal, we remanded to the postconviction court with instructions to hold an evidentiary hearing with respect to how the trial court handled the notes in question, as well as when Mckenzie and/or his counsel first knew or should have known about the issues raised by the handling of those notes. *Mckenzie v. State,* 670 N.W.2d 582 (Minn.2003).

On remand, the postconviction court heard testimony from the two attorneys who represented Mckenzie at trial, the prosecutor who represented the state, and the trial court judge who presided over Mckenzie's trial. The postconviction court also accepted into evidence portions of the trial court judge's log book from Mckenzie's trial and a July 25, 2002, letter from Mckenzie's appellate counsel responding to an inquiry from Mckenzie about the notes.

In this appeal, Mckenzie contends that the postconviction court committed error when it denied him a new trial or a reduced sentence. We conclude that Mckenzie's claim is barred by our holding in *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We further conclude that, even if *Knaffla* did not apply to Mckenzie's claims, the postconviction court did not abuse its discretion when it denied Mckenzie's petition.

Evidence taken at the postconviction hearing can be summarized as follows. Mckenzie's trial court judge testified that he kept a trial log book in which he made notes of events that occurred during Mckenzie's trial. That log book and the trial court record indicate that there were four notes sent from the jury to the judge during the course of deliberations. The first note, received on October 20, 1993, at 2:00 p.m., requested individual copies of the jury instructions for each juror. The log book indicates that the trial judge "complied and notified counsel." The second note was received on October 20, 1993, at 2:25 p.m. It reads, "Judge Lynn, we would like some clarification on some of the by laws if possible—pretaing [sic] to first degree murder charge—Aiding & Abeting [sic] Forman Juror # 8." The log book indicates that the trial court judge contacted Mckenzie's lead defense attorney and the prosecutor about that note; the log book reads "phoned McGlennen [defense attorney] he wants me to just to say [sic] they have the law—phoned—Streitz [prosecutor]—ok." The entry continues with the notation, "2:40—Answer: you have the instructions on the issue." The trial court judge testified that after talking with counsel for the defense and the state they agreed with him that the response should be that the jury already had instructions on the issue and that no further instruction would be provided. In response to a question as to how the answer was communicated to the jury, the trial court judge testified, "Well, I know it was not face to face." The third note, received October 21, 1993, at 9:15 a.m., reads, "Judge Lynn, Would it be possible to get the original police statements of Loverine Harris, Richard * * * and Olivia Gregory? The Jury Forman # 8."[1] The trial court judge testified that, as indicated in his log book, he spoke with counsel for both parties and the answer was to give no additional evidence. The fourth note, received October 21, 1993, at 1:55 p.m., requested information regarding premeditat-

---

1. The statements of Loverine Harris, Richard * * * and Olivia Gregory had not been admit-

ted into evidence at trial.

ed murder and was discussed in open court with Mckenzie present. The first and fourth notes are not at issue in this case.

The trial court record reveals that each of the notes is date-stamped as having been filed with the district court administrator on October 26, 1993. The record also reveals that Mckenzie's trial counsel referred to one of the notes in a November 26, 1993, motion for a new trial and that in the July 25, 2002, letter in response to the inquiry from Mckenzie, Mckenzie's appellate counsel indicated that he was likely aware of the notes at the time of direct appeal.

In its findings of fact, the postconviction court found that Mckenzie's trial court judge consulted with Mckenzie's trial counsel, as well as the prosecutor, before responding to the questions raised in the jury's notes. The postconviction court reached this conclusion based on the testimony presented at the hearing, the entries from the trial court judge's log book introduced at the hearing, and defense counsel's November 26, 1993, new trial motion. The postconviction court further found that there were no new jury instructions given and that the responses did not favor either the prosecution or the defense. Finally, the postconviction court found that Mckenzie was not present when Judge Lynn communicated the agreed-upon responses to the jury.

The postconviction court concluded that Mckenzie was not entitled to a new trial based on the trial court's handling of the notes because, to the extent that any error was committed in responding to the notes "without either counsel's or Mckenzie's presence in court, such error would be harmless, since responses given to the notes did not result in any information being given to the jury." The postconviction court further concluded that Mckenzie's counsel knew about the jury's questions contained in the notes at the latest on the date the notes were sent to the trial court judge and that Mckenzie should have known about the notes no later than November 26, 1993, the date on which the new trial motion was made.

■■■ "A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts which warrant a reopening of the case." *State v. Rainer*, 502 N.W.2d 784, 787 (Minn.1993). Our review of postconviction proceedings is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Id.* Absent an abuse of discretion, the postconviction court's decision will not be disturbed. *Id.*

■■■ Once direct appeal has been taken, "all matters raised therein, and all claims known but not raised will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. This includes all claims that the appellant should have known of at the time of appeal. *King v. State*, 649 N.W.2d 149, 156 (Minn.2002). There are two exceptions to the *Knaffla* rule. One exception applies to any claim that is "so novel that its legal basis was not reasonably available at the time of the direct appeal." *Greer v. State*, 673 N.W.2d 151, 155 (Minn.2004). The other applies when fairness would require a review of the claim in the interest of justice and there was no deliberate or inexcusable reason for the failure to raise the issue on

direct appeal.[2] *Id.*

■ Having carefully reviewed the record, we are satisfied that there is sufficient evidence in the record to support the postconviction court's conclusion of law that "Mckenzie's counsel knew of the [jury] questions on the date they were made. Mckenzie himself should have known no later than the date of bringing the motion for a new trial [November 26, 1993]." Thus, we conclude that Mckenzie and his counsel either knew or should have known of the issues raised by the notes at the time of his direct appeal. That conclusion is buttressed by the evidence that the jury notes were filed with the district court administrator on October 26, 1993; by Mckenzie's appellate counsel's letter indicating that "[since] my practice is to review that record completely, if they were in the district court file I would have reviewed the notes"; and by the absence of anything suggesting that the notes have not been part of the record since filed. Therefore, we can only conclude that Mckenzie's claims with respect to the jury notes are barred under *Knaffla.*

■ Notwithstanding our conclusion that Mckenzie's claims are barred under *Knaffla*, we are also satisfied that the postconviction court did not abuse its discretion in denying Mckenzie's postconviction petition on the merits. It is clear from the record that the trial court erred when it responded to the jury's October 20, 1993, 2:25 p.m., and October 21, 1993, 9:15 a.m., notes without requiring Mckenzie's presence or obtaining his waiver. *State v. Sessions*, 621 N.W.2d 751, 755–57 (Minn. 2001). However, it is well settled that

"[e]ven if a defendant is wrongfully denied the right to be present at every stage of trial, a new trial is warranted only if the error was not harmless." *Id.* at 756. To determine whether an error was harmless, "we consider the strength of the evidence and substance of the judge's response." *Id.* (internal citation omitted).

In this case, before the trial court judge responded to the notes, he conferred with Mckenzie's defense counsel and then responded consistent with defense counsel's input. Further, our review of the record indicates that the responses given were appropriate for the questions asked by the jury. Moreover, there was no new information given to the jury and the responses were neutral in that they did not favor either the prosecution or the defense. Thus, we conclude that the trial court's error in responding to the notes without Mckenzie being present or obtaining his waiver of the right to be present was harmless beyond a reasonable doubt. In that the error was harmless beyond a reasonable doubt, we also conclude that Mckenzie failed to meet his burden of establishing, by a preponderance of the evidence, facts that warrant a reopening of the case. *See Rainer*, 502 N.W.2d at 787.

Affirmed.

ANDERSON, G. BARRY, J., not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.

---

2. Neither exception applies in this case. There is nothing novel about Mckenzie's claim, nor is there anything in the record to

suggest that the interest of justice requires review of the claim.